IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **NICOLE SAVAGE,** | * | |
| Plaintiff, | * | |
| v. | * | Civil No. 1:25-cv-1723-JRR |
| **UNITED COLLECTION BUREAU, INC.,** | * | |
| | * | |
| Defendant. | | |
| | * * * | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff Nicole Savage's Motion for a Protective Order and to Strike Improper Notice of Deposition.[1] (ECF 15.) Proceeding *pro se*, Ms. Savage explains that she served initial disclosures and propounded discovery on Defendant on July 19 and that on July 24, Defendant noticed her deposition for August 11, 2025. (ECF 15 at 1.) She seeks relief on the basis that "permitting Defendant to proceed with oral examination prior to full and complete compliance with discovery obligations would be unjust and prejudicial. (*Id.*) In opposition, Defendant United Collection Bureau, Inc. does not disagree with the timeline presented. Instead, Defendant asserts that Plaintiff's Motion should be denied because (1) she failed to comply with discovery directives of the Local Rules and Court orders requiring parties to meet and confer about discovery disputes and, if such conference is unsuccessful, seek informal resolution before filing formal discovery

---

[1] On July 31, 2025, in accordance with 28 U.S.C. § 636 and Local Rules 301 and 302, Judge Rubin referred this case to me for "[a]ll discovery and related scheduling matters." (ECF 17.)

motions, (2) no rule prohibits the deposition timing sought by Defendant, and (3) she fails to satisfy the requirements—both procedural and substantive—for obtaining a protective order. (*See generally* ECF 19.) Characterizing Plaintiff's actions as vexatious and taken in bad faith, Defendant seeks monetary sanctions against Plaintiff. (*Id.* at 7-9.) For the reasons below, the Court denies Plaintiff's Motion.

As an initial matter, Plaintiff's filing does not comply with the Court's Local Rules. "Although *pro se* litigants like Plaintiff are entitled to some leniency in navigating the legal system's unfamiliar terrain, they are nonetheless 'responsible for performing all duties imposed upon counsel' by this Court's Local Rules and 'all other applicable federal rules of procedure.'" "*Adams v. Sharfstein*, No. CCB-11-3755, 2012 WL 2992172, at *4 (D. Md. July 19, 2012) (quoting Loc. R. 101.1(a)); *see also Perez v. Silva*, 185 F. Supp. 3d 698, 705 n.14 (D. Md. May 9, 2016) (advising a party that "even as a *pro se* Defendant, he must comply with the Federal Rules of Civil Procedure and the Local Rules of this Court"). The Local Rules require parties to "confer with one another concerning a discovery dispute and make a reasonable effort to resolve the differences between them." Loc. R. 104.7 (D. Md. 2023). "The Court will not consider any discovery motion unless the moving party has filed a certificate reciting" information about the required conference, including when it occurred, who attended, and what issues remain unresolved. *Id*. The Court's meet-and-confer requirement demands a substantive conference by video or telephone, not merely an e-mail or letter about the differing views. *Id.*; *see also Madison v. Harford Cnty., Md.*, 268 F.R.D. 563, 564 (D. Md. 2010) (noting that an "attempt to contact [] counsel" or a single e-mail "is a far cry from conferring in good faith" as required by the Local Rules).

Plaintiff has not provided such certificate or the information that the certificate

requires. On a similar note, the Motion violates the case-specific July 1, 2025 Order instructing the parties to present discovery disputes to the Court through informal means before filing formal motions. (*See* ECF 12.) Failure to file case-specific orders is another basis for finding the motion non-compliant and untimely. *See Hall v. Balt. Police Dep't*, No. 1:24-cv-1137, 2024 WL 4278132, at *3 (D. Md. Aug. 24, 2024). Therefore, Defendant is correct that the Court is not required to consider the Motion.

However, the Court can choose to hear a motion and resolve a discovery dispute, despite a defective or non-existent Rule 104.7 certificate, "to provide guidance that, it is hoped, will reduce the likelihood of future discovery disputes." *Madison*, 268 F.R.D. at 564-65. For that reason, the Court will address other reasons Plaintiff's Motion is denied. The imminence of the challenged deposition—and the potential for additional motions regarding the occurrence or topics of the deposition—support the Court's decision on that point. But the parties are cautioned not to assume that the Court will always, or even often, excuse non-compliance with the Local Rules or other orders in this case.

Turning to the question of whether Defendant's notice is proper, it is necessary to establish the governing rules. The Federal Rules of Civil Procedure define the scope and limits of discovery. As a general matter, parties may "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Relevant here, the Rules permit a party to depose another party without leave of court unless certain exceptions apply. Fed. R. Civ. P. 30(a)(1). One exception arises where the parties have not stipulated to the deposition *and* one of the following is true: there have already been ten depositions taken by a party, the deponent has already been deposed, or the

deposing party seeks to examine before the time specified in Rule 26(d).² Fed. R. Civ. P. 30(a)(2)(A).  Under the Federal Rules, a party seeking to take a deposition must provide the deponent "reasonable written notice" of, among other things, the time and place of the deposition.  Fed. R. Civ. P. 30(b)(1).

Mindful of Rule 26's provisions, the Court cannot find Defendant's notice improper.  In general, Defendant may depose any other person, including the plaintiff, without an order or any other intervention from the Court.  The Court does not identify an applicable exception under Rule 30(a)(2) that requires a court order before Defendant can take her deposition.  The first part of Rule 30(a)(2) is satisfied:  Ms. Savage's objection to the deposition on August 11, 2025 establishes there is no stipulation to the deposition.  However, the record does not establish one of the other three required circumstances.  There is no indication that any depositions—let alone ten—have been taken by Defendant; based on her Motion, she has not already been deposed; and the August 11, 2025 date does not fall outside the Rule 26(d) time limits.  Also, there appears to be reasonable written notice:  the Court's Local Rules presume that fourteen days' notice is reasonable.  Loc. R. App'x A. Guideline 9(b).  Defendant provided eighteen days' notice.  Therefore, the notice is neither procedurally nor substantively improper.  *See id.*; *Felton v. Gates Cnty. Bd. of Educ.*, No. 2:15-CV-00020-BR, 2016 WL 1599980, at *2 (E.D.N.C. Apr. 19, 2016) (rejecting argument that a deposition notice served 16 days in advance was unreasonable).

Of course, the Court may enter a protective order that limits discovery to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or

---

² The other exception—where the deponent is incarcerated—does not apply. *See* Fed. R. Civ. P. 30(a)(2)(B).

expense." Fed. R. Civ. P. 26(c)(1). But the record—albeit limited—does not establish any of these justifications for the order Ms. Savage seeks. In many cases, depositions often occur after exchanges of written discovery. Yet, the Federal Rules do not mandate that sequence. And the Court is mindful that Ms. Savage is proceeding *pro se* and that she may prefer to have answers to her discovery before being deposed. The Court is unaware of authority indicating that such circumstances demonstrate "annoyance, embarrassment, oppression, or undue burden or expense" that Rule 26(c) seeks to limit. Defendant is entitled to explore her claims through all the various means of discovery, including a deposition upon reasonable notice. Therefore, Plaintiff's Motion must fail.[3]

As a final matter, the Court declines Defendant's request for sanctions against Plaintiff. Defendant is correct about Plaintiff's failure to confer as required by the applicable Federal Rules of Civil Procedure and Local Rules and about her noncompliance being relevant to any imposition of sanctions, as set forth in the Court's July 1, 2025 Order. However, absent a rule requiring their imposition, sanctions remain within the Court's "wide discretion." *See, e.g., Mut. Fed. Sav. & Loan Ass'n v. Richards & Assocs., Inc.*, 872 F.2d 88, 92 (4th Cir. 1989). The Court does not view this situation as *requiring* sanctions, only *permitting* them. While *pro se* status does not excuse a party from complying with the Federal Rules of Civil Procedure or the Court's Local Rules, the Court observes that this is the first instance of any non-compliance

---

[3] Furthermore, the Federal Rules of Civil Procedure require a good faith conference before seeking a protective order and a certification such conference occurred, similar to the Local Rules. Fed. R. Civ. P. 26(c). As explained above, Plaintiff does not provide such certification or any indication the required conference occurred. That alone would be sufficient to deny her requested relief.

with the July 1 Discovery Order. That distinguishes this circumstance from others involving repeated noncompliance with court orders. *See Adeyemi v. Amazon.com Servs. LLC*, No. GLR-21-2488, 2024 WL 771538, at *4-5 (D. Md. Feb. 23, 2024) (finding bad faith where plaintiff "consistently ignored [the Federal and Local] rules and court orders related to discovery"); *Middlebrooks v. Sebelius*, No. PJM 04-2792, 2009 WL 2514111, at *3 (D. Md. Aug. 13, 2009) (bad faith "fairly inferred" where plaintiff "blatantly ignored Court Orders" in her "continuous failure to attend deposition sessions [and] respond to document requests and interrogatories"). There should be no doubt that (1) Plaintiff is expected to comply with the Local Rules and (2) excessive and unnecessary discovery motions or other litigation tactics are inappropriate. But the brief record here—where discovery began little more than a month ago—does not convince the Court that she has engaged in the sort of bad faith that warrants sanctions. However, Plaintiff is advised that future motions should comply with the meet-and-confer requirements of the Federal and Local Rules and that any actions she takes should be based on good faith and justifiable reasons.

For these reasons, it is hereby

**ORDERED** that Plaintiff's Motion for a Protective Order and to Strike Improper Notice of Deposition (ECF 15) is DENIED; and it is further

**ORDERED** that Plaintiff's Motion to Strike Defendant's Proposed Order (ECF 25) is DENIED.

Date: August 6, 2025                         /s/
                                             Charles D. Austin
                                             United States Magistrate Judge