IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **NICOLE SAVAGE,** | * | |
|    **Plaintiff,** | * | |
|    v. | * | Civil No. 1:25-cv-1723-JRR |
| **UNITED COLLECTION BUREAU, INC.,** | * | |
| | * | |
|    **Defendant.** | | |
| * * * | | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff Nicole Savage's Motion to Compel Discovery Responses.[1] (ECF 27.) Proceeding *pro se*, Ms. Savage seeks an order requiring Defendant United Collection Bureau, Inc. to "provide full and complete responses to Plaintiff's First Set of Interrogatories, Requests for Production, and Requests for Admission." (*Id.* at 1.) In opposition, Defendant United Collection Bureau, Inc. argues that the Motion should be denied because Ms. Savage failed to comply with the Local Rules and previous orders in this case requiring parties to meet and confer about discovery disputes before filing any formal discovery motions. (ECF 28 at 1.) Defendant also seeks monetary sanctions against Plaintiff. (*Id.* at 2.) For the reasons below, the Court denies Plaintiff's Motion.

"District courts enjoy substantial discretion in managing discovery, including granting or denying motions to compel." *Pac. Life Ins. Co. v. Wells Fargo Bank, NA*,

---

[1] On July 31, 2025, in accordance with 28 U.S.C. § 636 and Local Rules 301 and 302, Judge Rubin referred this case to me for "[a]ll discovery and related scheduling matters." (ECF 17.)

702 F. Supp. 3d 370, 376 (D. Md. 2023) (citing *Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc.*, 43 F.3d 922, 929 (4th Cir. 1995)).

Parties must follow the procedural requirements of the Local Rules before filing motions to compel. *See, e.g.*, *Hall v. Balt. Police Dep't*, No. RDB-24-1137, 2024 WL 4278132, at *2-3 (D. Md. Aug. 24, 2024). These procedures reflect litigants' duty to cooperate "with respect to planning and executing discovery or resolving discovery disputes." *Anderson v. Reliance Standard Life Ins. Co.*, No. WDQ-11-1188, 2011 WL 4828891, at *1 (D. Md. Oct. 11, 2011) (citing *Mancia v. Mayflower Textile Servs. Co.*, 253 F.R.D. 354, 357-58 (D. Md. 2008)). Parties must "confer with one another concerning a discovery dispute and make a reasonable effort to resolve the differences between them." Loc. R. 104.7 (D. Md. 2025). "The Court will not consider any discovery motion unless the moving party has filed a certificate reciting" information about the required conference, including when it occurred, who attended, and what issues remain unresolved. *Id.*; *see Anderson*, 2011 WL 4828891, at *1 (explaining that in this Court, "a party cannot file a motion to compel . . . without first working cooperatively with the other party to resolve the dispute"). The Court's meet-and-confer requirement demands a substantive conference by video or telephone, not merely an e-mail or letter about the differing views. Loc. R. 104.7; *see also Madison v. Harford Cnty., Md.*, 268 F.R.D. 563, 564 (D. Md. 2010) (noting that an "attempt to contact [] counsel" or a single e-mail "is a far cry from conferring in good faith" as required by the Local Rules).

Additional rules govern motions to compel. If informal discussions do not resolve the dispute, the party seeking discovery should "serve a motion to compel on the opposing party (not the Court), receive a response, and serve a reply." *Anderson*,

2

2011 WL 4828891, at *2 (citing D. Md. Loc. R. 104.8(a)-(b)). "Only after this exchange may the requesting party file [a motion to compel] with the Court[.]" *Id.*; *see also* Loc. R. 104.8 (noting that the Court "will not consider a motion [to compel] until a conference has been held" in accordance with this Rule and the parties certify the same to the Court).

Just a few weeks ago, the Court acknowledged these requirements—citing several of the cases and rules from above—and advised Plaintiff of her duty to comply with them. *See Savage v. United Collection Bureau*, No. JRR-25-1723, 2025 WL 2244480, at *1-2 (D. Md. Aug. 6, 2025) (ECF 26). "Although *pro se* litigants like Plaintiff are entitled to some leniency in navigating the legal system's unfamiliar terrain, they are nonetheless 'responsible for performing all duties imposed upon counsel' by this Court's Local Rules and 'all other applicable federal rules of procedure.'" *Adams v. Sharfstein*, No. CCB-11-3755, 2012 WL 2992172, at *4 (D. Md. July 19, 2012) (quoting Loc. R. 101.1(a)); *see also Perez v. Silva*, 185 F. Supp. 3d 698, 705 n.14 (D. Md. May 9, 2016) (advising a party that "even as a *pro se* Defendant, he must comply with the Federal Rules of Civil Procedure and the Local Rules of this Court"). The previous opinion made clear the expectation she abide by them:

> There should be no doubt that (1) Plaintiff is expected to comply with the Local Rules and (2) excessive and unnecessary discovery motions or other litigation tactics are inappropriate. . . . **Plaintiff is advised that future motions should comply with the meet-and-confer requirements of the Federal and Local Rules** and that any actions she takes should be based on good faith and justifiable reasons.

*Id.* at 3 (emphasis added).

Despite this forewarning, Plaintiff failed to follow the Local Rules regarding this discovery motion. That warrants denial. *See Anderson*, 2011 WL 4828891, at *2; *Mary*

3

*Ann Bender v. Wiegand Sports GMBH*, No. JKB-23-1511, 2024 WL 4202155, at *4-5 (D. Md. Sept. 16, 2024) (denying without prejudice the plaintiff's motion to compel because "the parties did not exchange motions, responses, or replies"); *Nam v. 365 Days, Inc.*, No. RWT-13-546, 2015 WL 6528141, at *2-3 (D. Md. Oct. 27, 2015) (denying without prejudice the plaintiff's motion to compel because the plaintiff filed the motion with the Court rather than serve the motion on the defendant). Of course, denial will be without prejudice so that Plaintiff can raise the matter with the Court if, after fulfilling her obligations to confer with Defendant and attempt to work together cooperatively, the parties do not resolve their differences. *See* Discovery Order at ¶¶ 3-4, ECF 12.

If that conference does not address her issues, Plaintiff should be mindful that the Discovery Order requires the parties to present issues for informal resolution. Paragraph 4.a describes this process as follows:

> In accordance with Fed. R. Civ. P. 16(b)(3)(B)(v), no discovery-related motion may be filed unless the moving party attempted in good faith, but without success, to resolve the dispute and has requested a pre-motion conference with the Court to discuss the dispute and to attempt to resolve it informally. If the Court does not grant the request for a conference, or if the conference fails to resolve the dispute, then upon approval of the Court, a motion may be filed.

*Id*. at ¶ 4.a. Although it was Judge Rubin who entered that order, the undersigned will follow the same process and expects the parties to employ it. It is designed to reduce some of the costs—in both time and money—associated with litigating discovery disputes. *See Mancia*, 253 F.R.D. at 359-60 (summarizing criticism of the "excessive" costs of civil discovery). Failures to follow this process may result in future denials of formal discovery motions.

For these reasons, the Court concludes that, like before, Plaintiff failed to comply with the procedural requirements. Unlike before, the Court declines to excuse that

failure this time. In considering the previous dispute, the Court found it prudent and efficient to resolve the last dispute despite the failure to follow the Local Rules and governing orders in the case:

> The imminence of the challenged deposition—and the potential for additional motions regarding the occurrence or topics of the deposition—support the Court's decision [to address the merits notwithstanding the procedural deficiency]. **But the parties are cautioned not to assume that the Court will always, or even often, excuse non-compliance with the Local Rules or other orders in this case.**

*Id*. at 2 (emphasis added). The current dispute regarding written discovery lacks the imminence of the deposition issue raised less than two weeks before the deposition. The relevant deadline here appears to be the general discovery deadline, more than two months away. *See* Scheduling Order at 2, ECF 11. That leaves ample time to comply with the Local Rules and to seek resolution as directed by the Discovery Order. Therefore, the Court declines to address the merits of the issue now.

As a final matter, the Court declines to impose sanctions on Plaintiff. Defendant again seeks monetary sanctions based on it having to respond to a motion that does not comply with the Court's directives. (ECF 29.) Defendant sought sanctions during the previous dispute. (*See* ECF 19.) The Court declined to impose sanctions at that time, noting that Plaintiff's July 25 discovery motion appeared to be the first instance of non-compliance with discovery protocols; that distinguished this case from ones involving consistent and continuous failures to follow court orders. *Savage*, 2025 WL 2244480, at *3 (citing *Adeyemi v. Amazon.com Servs. LLC*, No. GLR-21-2488, 2024 WL 771538, at *4-5 (D. Md. Feb. 23, 2024), and then citing *Middlebrooks v. Sebelius*, No. PJM 04-2792, 2009 WL 2514111, at *3 (D. Md. Aug. 13, 2009)). Citing the Court's language in its previous opinion, Defendant now urges that Plaintiff received clear notice and direction

5

yet failed again to follow them. (ECF 29 at 3.) While Defendant is correct that this is not Plaintiff's *first* instance of non-compliance, her actions are not, at this point, so consistent and continuous as to warrant sanctions. Without specifying a certain threshold, however, the Court cautions Plaintiff that additional violations of the Local Rules and Court's orders may, at some point, tilt the scales in favor of sanctions.

For these reasons, it is hereby

**ORDERED** that Plaintiff's Motion to Compel (ECF 27) is DENIED without prejudice.

Furthermore, the parties are directed to proceed as follows with respect to any future discovery disputes: (1) before presenting the issue to the Court, engage in a meaningful meet-and-confer regarding the disputed discovery response or obligation as required by Local Rule 104.7; (2) if that does not resolve the issue, present the issue to the Court in the manner provided by Paragraph 4 of the July 1, 2025 Discovery Order (ECF 12); and (3) if the parties proceed to formal motions, comply with Paragraph 4 of the July 1, 2025 Discovery Order (ECF 12) as well as Local Rules 104.7 and 104.8.

Date: September 2, 2025                                /s/
                                                Charles D. Austin
                                                United States Magistrate Judge