IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

NICOLE SAVAGE,

*Plaintiff*,

v.                                                         Civil No.: 1:25-cv-01723-JRR

UNITED COLLECTION BUREAU, INC.,

*Defendant*.

## MEMORANDUM OPINION

Pending before the court are the parties' cross motions for summary judgment: Defendant United Collection Bureau, Inc.'s ("UCB" or "Defendant") Motion for Summary Judgment (ECF No. 33; "Defendant's Motion") and Plaintiff Nicole Savage's Motion for Partial Summary Judgment (ECF No. 36; "Plaintiff's Motion").[1]  The court has reviewed all papers; no hearing is necessary.  Local Rule 105.6 (D. Md. 2025).  For the reasons that follow, by accompanying order, Defendant's Motion will be granted, and Plaintiff's Motion will be denied.

## I.    BACKGROUND

Plaintiff brings the instant action for violations of the Fair Credit Reporting Act ("FCRA"), specifically 15 U.S.C. § 1681b.  (ECF No. 21 ¶¶ 10–11.)  In particular, she alleges that on two occasions, Defendant accessed her consumer report via two soft inquiries without her authorization.  *Id.* ¶¶ 5–7.  She thus contends that Defendant "willfully obtained [her] consumer report without a permissible purpose on two separate occasions, in violation of 15 U.S.C. § 1681b(f)."  *Id.* ¶ 10.  Plaintiff seeks statutory damages, actual damages, punitive damages and litigation costs pursuant to 15 U.S.C. § 1681n.  *Id.* ¶ 11.  Following the completion of discovery,

---

[1] Plaintiff did not abide Local Rule 105.2(c) regarding cross-motions for summary judgment; however, Defendant did make an effort to conform to the Local Rule requirements after Plaintiff filed her Motion.  Regardless, the court proceeds to rule on the pending motions, assessing each on its own merit.

the parties filed the instant Motions for summary judgment on Plaintiff's claims.   (ECF Nos. 33, 36.)

## II.    UNDISPUTED FACTS

### A.  Plaintiff's Objections

Before turning to the undisputed facts in the record, the court addresses two matters—Plaintiff's assertion of certain disputed facts and Plaintiff's objection to the court's consideration of evidence offered by Defendant.

#### 1.   *Plaintiff's Assertion of Disputes of Fact*

To the extent Plaintiff "asserts that a fact . . . is genuinely disputed," she must do so "by citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute."  FED. R. CIV. P. 56(c)(1).  Plaintiff fails to demonstrate a genuine dispute of material fact where she relies on speculation and fails to make clear reference to admissible materials in the record.  Plaintiff must "present more than [her] own unsupported speculation and conclusory allegations to survive" summary judgment.  *Robinson v. Priority Auto. Huntersville, Inc.*, 70 F.4th 776, 780 (4th Cir. 2023).  In that same vein, Plaintiff purports to take issue with certain asserted undisputed facts when, in reality, she simply challenges the associated legal conclusions Defendant asks the court to draw from those record facts.  Where Plaintiff takes issue not with a record fact but rather as to its legal consequence, she similarly fails to demonstrate a genuine dispute of material fact as required by Rule 56.

#### 2.   *Plaintiff's Objection to Defendant's Proffered Evidence*

Pursuant to Federal Rule of Civil Procedure 56(c)(2), "[a] party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence."  FED. R. CIV. P. 56(c)(2).  Plaintiff here objects to the evidence Defendant attaches to

2

its Motion—the Velasco Declaration and the UCB Account Notes.[2] The court is not persuaded that either piece of evidence ought not be considered on the basis that it cannot be presented in a form that would be admissible in evidence at trial, as required by Rule 56(c)(2).

With regard to the Velasco Declaration, a "declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the . . . declarant is competent to testify on the matters stated." FED. R. CIV. P. 56(c)(4). Consistent with Rule 56(c)(4), such a declaration "may be considered at summary judgment where a declarant is available," *Tankesley v. Vidal*, No. 1:21-CV-I448, 2023 WL 4273763, at *3 (E.D. Va. June 29, 2023); however, that declaration must be made on personal knowledge and set out facts that would be admissible in evidence. FED. R. CIV. P. 56(c)(4); *see* FED. R. EVID. 602 ("A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter."). Defendant offers such a declaration from Michelle S. Velasco, Director of Compliance for UCB. (Velasco Decl., ECF No. 33-3.) The Velasco Declaration sets forth the basis for her personal knowledge; she describes her role as Director of Compliance and her familiarity with the UCB Account Notes at issue, and that she came to personally know the information in her declaration "through [her] employment with UCB, as well as [her] review of relevant business records and the specific electronic information and data related to the account at issue in this litigation." (Velasco Decl., ECF No. 33-3 ¶¶ 3–5.) She further attests that "[i]f called as a witness, [she] could and would competently testify to the statements contained herein." *Id.*

---

[2] It bears noting that elsewhere in Plaintiff's papers, she relies on these very exhibits to assert the existence of undisputed facts and to support her arguments. *See, e.g.*, ECF No. 36 at pp. 2–3. Indeed, in arguing she is entitled to summary judgment, Plaintiff emphatically states, "Defendant's own records tell the entire story." *Id.* at p. 6. In so doing, Plaintiff seemingly concedes her own objections. Nonetheless, cognizant of Plaintiff's *pro se* status, the court addresses the objections.

Contrary to Plaintiff's contention, "[i]t is well established that employees who are familiar with the record-keeping practices of a business are qualified to speak from personal knowledge that particular documents are admissible business records, and affidavits sworn by such employees constitute appropriate summary judgment evidence." *Nader v. Blair*, 549 F.3d 953, 963 (4th Cir. 2008); *see also Austin v. Experian Info. Sols., Inc.,*, 148 F.4th 194, 204 (4th Cir. 2025); *Rivas v. Experian Info. Sols., Inc.*, No. CV RDB-25-818, 2026 WL 111337, at *5 (D. Md. Jan. 15, 2026); *Jenkins v. Experian Info. Sols., Inc.*, No. 1:23-CV-1634 (PTG/WBP), 2024 WL 4100258, at *2 (E.D. Va. Sept. 6, 2024). Courts have repeatedly found similarly in the FCRA context on summary judgment. *See, e.g.*, *Howard v. GE Money*, No. 1:12CV895, 2014 WL 6810764, at *4 (M.D.N.C. Dec. 2, 2014); *Harris v. NCO Fin. Sys.,* Civil Action No. No. RDB–13–0259, 2013 WL 6858852, at *2 n.5 (D. Md. Dec. 23, 2013). Accordingly, the court is satisfied Velasco has demonstrated that her declaration is based on her personal knowledge; Plaintiff's objection as to same is thus overruled.

Further, with regard to Plaintiff's objection that the UCB Account Notes, and therefore the Velasco Declaration relying on same, are not based on facts that would be admissible in evidence, the court again disagrees. It is true that the Velasco Declaration, to the limited extent it is based on the UCB Account Notes, may not be considered if the UCB Account Notes do not meet Rule 56(c)(4). Plaintiff's objection, however, does not raise a meritorious challenge to the admissibility of the UCB Account Notes. The UCB Account Notes are plainly relevant. They are accompanied by the sworn Velasco Declaration attesting that they are "true and correct business records received, created and maintained by UCB in the course of regularly conducted business activity, and as part of the regular practice of UCB to create and maintain such records, and were made at the time of the actions described therein or within a reasonable time thereafter." FED. R. EVID.

4

803(6); FED. R. EVID. 902(11). *See Wells v. Trans Union, LLC*, No. 3:24CV61 (RCY), 2025 WL 475846, at \*5 (E.D. Va. Feb. 12, 2025) (noting that "[a] statement that is otherwise inadmissible hearsay may be admissible when it constitutes a business record, i.e., a record kept 'in the course of a regularly conducted activity of a business,' made at or near the relevant time, without circumstances indicating a 'lack of trustworthiness'" and that "[i]t is well established that employees who are familiar with the record-keeping practices of a business are qualified to speak with personal knowledge that particular documents are admissible business records, and affidavits sworn by such employees constitute appropriate . . . evidence") (first quoting FED. R. EVID. 803(6); and then quoting *Nader v. Blair*, 549 F.3d 953, 963 (4th Cir. 2008)). Plaintiff's objection thus fails to challenge that the UCB Account Notes can "be presented in a form that would be admissible in evidence," *see* FED. R. CIV. P. 56(c)(2), and Defendant has demonstrated that the UCB Account Notes (and the Velasco Declaration based on same) are not inadmissible hearsay. Accordingly, Plaintiff's objection on this basis is overruled.

The court turns now to the undisputed facts.

### B.  Undisputed Facts Underlying Plaintiff's Claims[3]

Defendant "is a debt collector doing business in the State of Maryland, which has taken action to collect on a debt owed by Plaintiff." (Velasco Decl., ECF No. 33-3 ¶ 7.) "On August 5, 2024, United Holding Group, LLC ('UHG I, LLC') assigned a delinquent account to UCB for collection."[4] *Id.* ¶ 10. That same day, Defendant accessed Plaintiff's consumer report via a soft inquiry through Experian.[5]  *Id.* ¶ 3. Plaintiff's purpose for the soft inquiry of Plaintiff's consumer

---

[3] Except where specified, the parties agree these facts are undisputed.  (ECF No. 33-1 ¶¶ 1–11; ECF No. 36 ¶¶ 1–12.)
[4] As discussed *infra*, Plaintiff disputes she owed a debt to UHG I, LLC.  (Savage Decl., ECF No. 35-1 ¶¶ 2–4.) Notwithstanding her challenge to the underlying debt, Plaintiff offers no evidence to contest Defendant's evidence of its belief of an assignment to it by UHG I, LLC, regarding a debt owed by Plaintiff or Defendant's reliance on same.
[5] In its assertion of its access to Plaintiff's consumer reports at issue, Defendant characterizes these facts as Plaintiff's allegations; however, Defendant later confirms that it completed soft inquiries of Plaintiff's consumer reports in its

report "was related to UCB's attempt to collect the debt assigned on August 5, 2024." (Velasco Decl., ECF No. 33-3 ¶ 12; UCB Account Notes, ECF No. 33-2 at p. 3, line 11.) "UCB attempted to communicate with Plaintiff via text message on January 27, 2025," but Plaintiff did not respond. (Velasco Decl., ECF No. 33-3 ¶ 13; UCB Account Notes, ECF No. 33-2 at p. 3, lines 15–17.) *See also* ECF No. 36 ¶ 4. While the account was then cancelled and recalled by UHG I, LLC on February 1, 2025, UHG I, LLC subsequently again assigned the delinquent account to Defendant for collection on February 6, 2025, at or around 8:10 a.m.[6] (Velasco Decl., ECF No. 33-3 ¶¶ 14–15; UCB Account Notes, ECF No. 33-2 at p. 2, line 1.) That same day at or around 2:24 p.m., Defendant obtained Plaintiff's consumer report via a soft inquiry through Experian.[7] (Velasco Decl., ECF No. 33-3 ¶¶ 14–15; UCB Account Notes, ECF No. 33-2 at p. 2, line 11.) Defendant's purpose for the soft inquiry of Plaintiff's consumer report on February 6, 2025, "was related to UCB's attempt to collect the debt assigned on February 6, 2025." (Velasco Decl., ECF No. 33-3 ¶ 17; UCB Account Notes, ECF No. 33-2 at p. 2, line 11.)

## III.    LEGAL STANDARD

Federal Rule of Civil Procedure 56 provides that a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). A material fact is one that "might affect

---

attempt to collect the debt; *i.e.,* confirming it did complete the soft pulls at issue. (ECF No. 33-1 ¶¶ 3–4, 8–9.) The court therefore considers these facts undisputed.

[6] The UCB Account Notes do not, as far as this court can discern, state the relevant time zone. (UCB Account Notes, ECF No. 33-2.)

[7] Plaintiff contends a genuine dispute of material fact exists "as to whether the alleged 'reassignment in February 2025' occurred before or after Defendant accessed Plaintiff's report on that date." (ECF No. 35 ¶ 2.) This is incorrect. Defendant offers evidence to confirm that the second soft inquiry came after reassignment; Plaintiff has offered no evidence to dispute this aside from her speculation that a factfinder could choose to disbelieve Defendant. This is insufficient to generate a genuine dispute of material fact on summary judgment. *See First Data Merch. Servs. Corp. v. SecurityMetrics, Inc.*, 672 F. App'x 229, 233–34 (4th Cir. 2016) (noting that a nonmovant may not defeat summary judgment merely by asserting that a factfinder might disbelieve the movant) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

the outcome of the suit under the governing law." *Libertarian Party of Va. v. Judd*, 718 F.3d 308, 313 (4th Cir. 2013) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A genuine issue over a material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

When considering a motion for summary judgment, a judge's function is limited to determining whether sufficient evidence exists on a claimed factual dispute to warrant submission of the matter to a factfinder for resolution at trial. *Id*. at 249. Trial courts in the Fourth Circuit have an "affirmative obligation . . . to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat v. Balt. Ravens Football Club, Inc.*, 346 F.3d 514, 526 (4th Cir. 2003) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778–79 (4th Cir. 1993)). A party "need[s] to present more than their own unsupported speculation and conclusory allegations to survive." *Robinson v. Priority Auto. Huntersville, Inc.*, 70 F.4th 776, 780 (4th Cir. 2023). Further, "[u]nder this standard, 'the mere existence of a scintilla of evidence' in favor of the non-movant's position is insufficient to withstand the summary judgment motion." *Wai Man Tom v. Hospitality Ventures, LLC*, 980 F.2d 1027, 1037 (4th Cir. 2020) (quoting *Anderson*, 477 U.S. at 252).

In undertaking this inquiry, the court must consider the facts and all reasonable inferences in the light most favorable to the nonmoving party. *Libertarian Party of Va.*, 718 F.3d at 312; *see also Scott v. Harris*, 550 U.S. 372, 378 (2007). The court "must not weigh evidence or make credibility determinations." *Foster v. Univ. of Md.-Eastern Shore*, 787 F.3d 243, 248 (4th Cir. 2015) (citing *Mercantile Peninsula Bank v. French*, 499 F.3d 345, 352 (4th Cir. 2007)); *see also Jacobs v. N.C. Adin. Office of the Courts*, 780 F.3d 562, 569 (4th Cir. 2015) (explaining that the trial court may not make credibility determinations at the summary judgment stage). Indeed, it is

the function of the factfinder to resolve factual disputes, including issues of witness credibility. *Tolan v. Cotton*, 572 U.S. 650, 656–57 (2014).

"When faced with cross-motions for summary judgment, the court must review each motion separately on its own merits to determine whether either of the parties deserves judgment as a matter of law." *Rossignol v. Voorhaar*, 316 F.3d 516, 523 (4th Cir. 2003) (citations omitted). In so doing, "the court must take care to resolve all factual disputes and any competing, rational inferences in the light most favorable to the party opposing that motion." *Id.* (citations omitted); *see Doe v. Morgan State Univ.*, 544 F. Supp. 3d 563, 574 (D. Md. 2021) (same).

## IV.    ANALYSIS[8]

The FCRA "aims 'to ensure fair and accurate credit reporting' and to 'protect consumer privacy.'"  *Robins v. Spokeo, Inc.*, 867 F.3d 1108, 1113 (9th Cir. 2017) (quoting *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52 (2007)).  While much of the FCRA acts to regulate credit reporting agencies, its reach also "extends to the conduct of parties who request credit information." *Robinson v. TSYS Total Debt Mgmt., Inc.*, 447 F. Supp. 2d 502, 507 (D. Md. 2006).  At issue here, section 1681b(f) of the FCRA prohibits a person, including a corporation or entity,[9] from obtaining or using credit reports absent an authorized purpose.  15 U.S.C. § 1681b(f); *see Alston v. Carmax Bus. Servs., LLC*, No. CV 25-0214-TDC, 2025 WL 2209749, at *2 (D. Md. Aug. 4, 2025) (discussing same); *Alston v. AT&T Servs., Inc.*, No. GJH-18-2529, 2019 WL 670241, at *2 (D. Md. Feb. 19, 2019) (discussing same).  It specifically provides:

> A person shall not use or obtain a consumer report for any purpose
> unless--

---

[8] In conducting its analysis, the court is ever mindful that *pro se* filings "must be construed liberally, . . . so as to do substantial justice," and are held to less stringent standards that filings drafted by lawyers." *See Elijah v. Dunbar*, 66 F.4th 454, 460 (4th Cir. 2023) (quoting *Erickson v. Paradus*, 551 U.S. 89, 94 (2007)).  The court considers Plaintiff's *pro se* status accordingly in addressing the arguments at issue.
[9] *See* 15 U.S.C. § 1681a(b).

> (1) the consumer report is obtained for a purpose for which the
> consumer report is authorized to be furnished under this section;
> and
> (2) the purpose is certified in accordance with section 1681e of this
> title by a prospective user of the report through a general or
> specific certification.

15 U.S.C. § 1681b(f).

The requisite elements of such a claim include that "(1) there was a consumer report; (2) obtained or used by the defendant; (3) without a permissible purpose as defined in § 1681b(a)(1)-(6); and (4) the defendant acted with the specified mental state." *Alston v. Freedom Plus/Cross River*, No. CV TDC-17-0033, 2018 WL 770384, at *4 (D. Md. Feb. 7, 2018) (citing *Phillips v. Grendahl,* 312 F.3d 357, 364 (8th Cir. 2002)); *see Alston*, 2025 WL 2209749, at *2 (same); *Alston*, 2019 WL 670241, at *2 (same); *Miller v. Dish Network, L.L.C.*, 326 F. Supp. 3d 51, 63–64 (E.D. Va. 2018) (same). Relevant here, section 1681b(a)(3)(A) permits a consumer reporting agency to furnish a consumer report to a person who "intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer." 15 U.S.C. § 1681b(a)(3)(A).

Focusing its argument on the third element, Defendant contends there is no dispute that its two soft pulls of Plaintiff's consumer report were for a permissible purpose—collection of a debt. (ECF No. 33-1 at p. 4.) Indeed, this court and others in this circuit have routinely found that, consistent with § 1681b(a)(3)(A), collection of a debt is a permissible purpose under the FCRA. *See, e.g.*, *Frazier v. RJM Acquisitions LLC*, No. CIV. WDQ-14-0047, 2015 WL 795078, at *3 (D. Md. Feb. 24, 2015) ("Collection of an outstanding debt is a permissible purpose under the FCRA.") (citing 15 U.S.C. § 1681b(a)(3)(A)); *Harris v. NCO Fin. Sys.*, No. CIV.A. RDB-13-0259, 2013 WL 6858852, at *3 (D. Md. Dec. 23, 2013) ("As this Court has clearly held, collection of a debt

is a permissible purpose."); *Robinson v. Greystone All., LLC*, No. BPG-10-3658, 2011 WL 2601573, at *3 (D. Md. June 29, 2011) ("Debt collection is a permissible purpose for obtaining a consumer credit report under the FCRA."). *See also, e.g.*, *Twitty v. Credit Control, LLC*, No. CV 24-388-JDA-SVH, 2024 WL 1991579, at *2 (D.S.C. Apr. 1, 2024), *report and recommendation adopted,* No. 0:24-CV-00388-JDA, 2024 WL 2985256 (D.S.C. May 3, 2024) ("A debt collector is permitted to obtain a consumer report if the agency is doing so for the purposes of collecting a debt.") (citation omitted); *Gilmore v. Louka*, No. 2:18CV634, 2020 WL 13690345, at *7 (E.D. Va. Nov. 25, 2020) ("Debt collection is a permissible purpose for obtaining a consumer credit report under the FCRA.") (citation omitted)).

Accordingly, where Defendant here has produced evidence that it obtained Plaintiff's credit report in furtherance of its collection of a debt, it is irrelevant whether she consented. *See Harris*, 2013 WL 6858852, at *3 (citing *Hinton v. Trans Union, LLC,* 654 F. Supp. 2d 440, 449 (E.D. Va. 2009)). While Plaintiff does not challenge this legal principle; instead, she challenges the underlying basis of Defendant's arguments. In addition to her apparent objections to Defendant's proffered evidence, which the court overruled above, Plaintiff contends that Defendant has offered "no evidence to support the reasonableness of its belief" that a permissible purpose existed here, specifically because Defendant has not produced any evidence of the underlying debt at issue.[10] (ECF No. 35 at p. 4.)

Where Defendant has "produced evidence of a permissible purpose," it is "entitled to summary judgment unless plaintiff, who bears the burden of going forward to show lack of a

---

[10] While Plaintiff's response in opposition to Defendant's Motion focuses on both soft pulls, Plaintiff's Motion frames her claims more narrowly, seemingly conceding the permissibility of the August 2024 pull, and focusing instead solely on the February 2025 pull as well as Plaintiff's contention that Defendant attempted to collect a debt "based on a stale or revoked assignment." (ECF No. 36 at p. 3.) Cognizant of Plaintiff's *pro se* status, the court will nonetheless analyze all claims Plaintiff asserts, regardless of whether she appears to concede the propriety of one such pull in her Motion.

proper purpose, produces some evidence upon which a jury could find to the contrary." *Korotki v. Att'y Servs. Corp. Inc.*, 931 F. Supp. 1269, 1279 (D. Md. 1996), *aff'd sub nom.*, 131 F.3d 135 (4th Cir. 1997)).  Plaintiff here has produced no such evidence.  She offers her own affidavit in support of her contention that she owed UHG I, LLC no debt, *see* Savage Decl., ECF No. 35-1 ¶¶ 2–3, but this is insufficient to generate a genuine dispute of material fact.  Plaintiff's proffered evidence—while perhaps bearing on whether a factfinder would conclude she had a debt with UGH I, LLC—does not address the material question here: whether Defendant acted with a permissible purpose in its efforts to collect a debt.

"As long as the Defendant ha[s] 'reason to believe' that it [is collecting] the Plaintiff's outstanding debt, it [does] not violate the FCRA, even if the belief was mistaken." *Frazier*, 2015 WL 795078, at *3 (quoting *Korotki,* 931 F. Supp. at 1276); *Gavin v. Enter. Recovery Sys. Inc.*, No. 716CV00344TMCJDA, 2016 WL 11201770, at *3 (D.S.C. Nov. 30, 2016), *report and recommendation adopted,* 2017 WL 24254 (D.S.C. Jan. 3, 2017) (same); *Howard v. GE Money*, No. 1:12CV895, 2014 WL 6810764, at *6 (M.D.N.C. Dec. 2, 2014) (same).  *See also Harkins v. Diversified Collection Servs., Inc.*, No. CIV. PJM 12-1229, 2012 WL 5928997, at *3 (D. Md. Nov. 26, 2012) ("Ironclad proof of the consumer's indebtedness is not required for the third party to satisfy the permissible purpose requirement.") (citing *Korotki,* 931 F. Supp. at 1276)).

Plaintiff offers no evidence that Defendant lacked a reasonable belief that it was acting to collect an outstanding debt.  Even where Plaintiff contends no valid debt existed, such a contention is of no consequence where she otherwise "offers no evidence to establish that [Defendant] accessed her credit report in bad faith, or for reasons other than in an attempt to collect on a debt it had reason to believe Plaintiff owed." *Alston v. Cent. Credit Servs., Inc.*, No. CIV.A. DKC 12-2711, 2013 WL 4543364, at *3 (D. Md. Aug. 26, 2013).  "The validity of Plaintiff's indebtedness

11

to [Defendant] is immaterial to *Korotki's* 'reason to believe' standard; by its own terms, 'reason to believe' implies that there may be instances where a debt turns out not to be valid." *Id.*

Further Plaintiff is incorrect in stating that Defendant has failed to offer evidence "to support the reasonableness of its belief." (ECF No. 35 at p. 4.)  Defendant has indeed offered such evidence, including the Velasco Declaration discussing the assignment of the debt by UHG I, LLC, and Defendant's internal account document tracking reflecting same.  (Velasco Decl., ECF No. 33-3 ¶¶ 10–17; UCB Account Notes, ECF No. 33-2.)  In response to same, Plaintiff, who bears the burden, *Korotki*, 931 F. Supp. at 1279, *supra*, has offered no evidence to support any inference that Defendant did not have reason to believe it was collecting an outstanding debt.  *See, e.g.*, *Frazier*, 2015 WL 795078, at *3 (noting that the record evidence showed defendant "had reason to believe a debt existed," so "even if the Plaintiff is correct that the debt did not exist, there is nothing on the record showing the Defendant's bad faith") (quoting *Korotki,* 931 F. Supp. at 1276). "[T]he nonmovant may not defeat a motion for summary judgment . . . 'by merely asserting the jury might, and legally could,' disbelieve the movant." *First Data Merch. Servs. Corp. v. SecurityMetrics, Inc.*, 672 F. App'x 229, 233–34 (4th Cir. 2016) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

Accordingly, even considering all facts and reasonable inferences in Plaintiff's favor, Defendant has shown that there is no material dispute that it had reason to believe it acted with a permissible purpose in pulling Plaintiff's consumer reports, *see Alston*, 2018 WL 770384, at *4, *supra* (discussing the elements of Plaintiff's claim), and it is therefore entitled to judgment as a matter of law.  The court will grant Defendant's Motion on that basis.[11]  Based on this same

---

[11] This conclusion of course similarly bears on the necessary element that Defendant "acted with the specified mental state."  *Alston v. Freedom Plus/Cross River*, No. CV TDC-17-0033, 2018 WL 770384, at *4 (D. Md. Feb. 7, 2018) (citing *Phillips v. Grendahl,* 312 F.3d 357, 364 (8th Cir. 2002)).  In the face of Plaintiff's opposition on this point, *see*

conclusion, and where Plaintiff has thus failed to prove an essential element of her claims, Plaintiff's Motion similarly fails as a matter of law.  The court will therefore also deny Plaintiff's Motion.[12]

## V.    CONCLUSION

For the reasons set forth herein, by separate order, the Defendant's Motion will be granted, and Plaintiff's Motion will be denied.

July 3, 2026                                                                                    /s/

_____
Julie R. Rubin
United States District Judge

---

ECF No. 35 at pp. 4–5, Defendant does not expressly advance argument in support of its position on this discrete issue.  The court therefore constrains its analysis accordingly.

[12] It bears mention that Plaintiff's response in opposition to Defendant's Motion notes that there are material disputes of fact that prevent entry of summary judgment, including as to the reasonableness of Defendant's purported debt collection and Defendant's willfulness or recklessness.  (ECF No. 35 at pp. 2–5.) Yet in her Motion, Plaintiff simultaneously contends there are no material facts in dispute on these matters and that she is then entitled to judgment as a matter of law (as to liability). (ECF No. 36 at pp. 3–5.)  It is unclear how material facts that pertain to essential elements of Plaintiff's claims may at once be in dispute and not in dispute where it suits her.